UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ERICA BRINNING and KEILA PENTASUGLIA,**

    **Plaintiffs,**

v.                                                                Case No.:

**DAN HAAN LLC d/b/a MR. APPLICANCE OF MARION COUNTY, DANIEL HAAN, an individual, and NANCY HAAN, an individual.**

    **Defendants.**

_____/

## COMPLAINT

Plaintiffs ERICA BRINNING and KEILA PENTASUGLIA, ("Plaintiff(s)"), by and through undersigned counsel, brings this action against Defendant, DAN HAAN LLC d/b/a MR. APPLICANCE OF MARION COUNTY(hereinafter the "Company"), DANIEL HAAN (hereinafter "Mr. Haan"), and NANCY HAAN (hereinafter "Mrs. Haan) (collectively "Defendants") and in support thereof states as follows:

## INTRODUCTION

This is an action brought pursuant to the Civil Rights Act of 1866, amended, 42 U.S.C. §1981 ("Section 1981") for retaliation and seeks to recover front pay, back pay, compensatory damages, damages for mental anguish and emotional distress, pain and suffering, punitive damages, injunctive relief, equitable relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiffs are entitled.

## JURISDICTION AND VENUE

1. Jurisdiction of this matter arises under 28 U.S.C §1331 with federal questions involving Section 1981.

2. This Court has jurisdiction over Plaintiffs' claims because, at all times material to this Complaint, Plaintiffs worked for Defendant in Marion County, Florida.

3. The illegal conduct complained of and the resultant injury occurred within the judicial district in and for Marion County, Florida.

## PARTIES

4. Defendant, Dan Haan, LLC is a Florida Corporation. At all material times hereto, Defendant maintained an office in Marion County, Florida.

5. Defendants Daniel Haan and Nancy Haan are a married couple who jointly own and manage Dan Haan, LLC.

6. Both Mr. and Mrs. Haan reside in Marion County, Florida.

7. At all times material hereto, Mr. Haan, as owner and manager of the Company, regularly held and/or exercised the authority to discipline, hire, and fire employees of the Company – including Plaintiffs.

8. At all times material hereto, Mr. Haan, as owner and manager of the Company, held and/or exercised the authority to supervise and/or determine work schedules or conditions of employment for the employees of the Company.

9. At all times material hereto, Mrs. Haan, as owner and manager of the Company, regularly held and/or exercised the authority to discipline, hire, and fire employees of the Company – including Plaintiffs.

10. At all times material hereto, Mrs. Haan, as owner and manager of the Company, held and/or exercised the authority to supervise and/or determine work schedules or conditions of employment for the employees of the Company.

11. Plaintiff, Erica Brinning is an adult individual who resides in Marion County, Florida.

12. At all times material hereto, Defendants jointly employed Ms. Brinning.

13. Plaintiff, Keila Pentasuglia is an adult individual who resides in Marion County, Florida.

14. At all times material hereto, Defendants jointly employed Ms. Pentasuglia.

## FACTUAL ALLEGATIONS

15. Ms. Brinning was hired in or about November 2017 and worked for Defendants until her termination on or about May 26, 2020.

16. Ms. Brinning was hired as a Customer Service Representative and was promoted in July 2018 to Office Manager. She continued to work as an Office Manager until on or about May 15, 2020 when she was demoted to a Customer Services Representative.

17. Ms. Pentasuglia was hired in or about January 2020 and worked for Defendants until her termination on or about May 18, 2020.

18. Ms. Pentasuglia worked as a Customer Services Representative throughout her employment with Defendants.

19. Ms. Pentasuglia son is ½ Korean and he therefore identifies as Asian.

20. Plaintiffs were subjected to a racially hostile work environment created by a co-worker – David Olsen – throughout their respective employment with Defendants.

21. Mr. Olsen repeatedly made discriminatory comments regarding women, African-Americans, and other racial demographics including Asian-Americans. Specifically, Mr. Olsen told Ms. Brinning that she should get "knee pads if she wanted to keep her job" (referring to oral sex). Mr. Olsen also referred to African-American customers and coworkers as "nigger," "knuckle dragger," "shit-skin" and referred to Asian-Americans as "fucking chinks[1]."

22. Ms. Brinning complained to Mr. and Mrs. Haan in September 2019 regarding Mr. Olsen's behavior. See attached notes outlining complaints made by Ms. Brinning and a coworker to Mr. and Mrs. Haan attached as Exhibit "1." Despite telling Ms. Brinning that they would take action to ensure Mr. Olsen's behavior stopped Defendants in fact took no action at all.

23. On that same date Aaron Freeman, a coworker of Ms. Brinning who is ¼ African-American and whom Mr. Olsen specifically called him those discriminatory names identified in paragraph 21, also complained to Mr. and Mrs. Haan. In response Mr. Haan told Mr. Freeman "to quit being so sensitive."

24. After Ms. Brinning's complaint, Mr. and Mrs. Haan tried to intimidate Ms. Brinning by allowing Mr. Olsen to take his lunch break in her office, which he had never done before. While in there he would make loud slurping noises and make sexually related comments. Additionally, Mr. Olsen continued to make racist statements towards the Company's customers and employees.

25. After months of enduring Mr. Olsen's behavior Ms. Brinning asked him to stop making comments and the slurping noise. Mr. Olsen's response was that the noise he made was what he sounded like when he was "eating pussy."

---

[1] Chink is a derogatory name for Asians. Mr. Olsen was well aware that Ms. Pentasuglia had a son who was ½ Asian.

26. The following day Ms. Brinning and Mr. Freeman, who had witnessed the statement to Ms. Brinning the day prior as well as been the recipient of, or witness to, several racist statements made by Mr. Olsen between September 2019 – January 2020, went to Mr. Haan to report what was still occurring.

27. Mr. Haan responded by telling Mr. Freeman that he was fired because Mr. Haan was "sick and tired of people complaining about Mr. Olsen's behavior."

28. Just like in September 2019, Defendants took no action to investigate or address Mr. Olsen's behavior. Accordingly, Mr. Olsen felt as if he was untouchable and was empowered to continue his abhorrent behavior.

29. Ms. Pentasuglia was hired to replace Mr. Freeman. Because she was ½ Asian-American, soon after starting she too became a target of Mr. Olsen. She was called "chink" and other derogatory names based on her race.

30. Having heard what happened to Mr. Freeman Ms. Pentasuglia did not immediately report Mr. Olsen's behavior to Defendants.

31. On or about March 12, 2020, Ms. Brinning filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR") alleging gender discrimination, sexual harassment, and retaliation. See Charge attached as Exhibit "2." The Charge included being subjected to a racially discriminatory environment and reporting these conditions to Defendants.

32. Defendants received a copy of Ms. Brinning's Charge on May 12th and the following day, May 13th, created a digital folder on the company computer[2] titled "2020-12-5

---

[2] Mrs. Haan shared access to her "OneDrive account" with Ms. Brinning which allowed her to see his file.

Erica Brinning Complaint FCHR" where the Charge was saved. See screen print attached as Exhibit "3."

33. That same day, May 13th, Ms. Brinning was notified by Defendants that she was being demoted "due to the current situation." As a result of the demotion Ms. Brinning's hourly wage was reduced, her job title changed, her scheduled job hours were reduced, and all supervisory responsibilities were taken from her.

34. On May 14th, Ms. Pentasuglia filed a verbal complaint with Defendants against Mr. Olsen wherein she reported Mr. Olsen's racist and discriminatory comments directed towards the store's African-American clients as well as the hostile and discriminatory comments directed at her by Mr. Olsen because of her race.

35. On May 15, 2020, Mr. Haan sent an email to Deborah McKenney, a "Franchise Business Coach" for Neighborly Brands which is the Franchisor for the brand name "Mr. Appliance," that he had planned to fire "them," referring to Ms. Pentasuglia and Ms. Brinning, for their "untrustworthiness." See email attached as Exhibit "4."

36. Mr. and Mrs. Haan also own a rental house which Ms. Brinning's husband regularly maintained via his landscape business. All checks paid to Mr. Brinning were paid by Dan Haan, LLC.

37. On May 15, 2020, the same day that Ms. Brinning was demoted, Defendants' terminated their account with Mr. Brinning for the servicing of the rental property.

38. Ms. Pentasuglia did not work May 15th – 17th because she was undergoing chemotherapy treatment; therefore, her first regularly scheduled shift after making her complaint on May 14th was May 18th. Upon arriving to work on May 18th Ms. Haan informed Ms.

Pentasuglia that she was terminated. The only reason provided for the termination was that Defendants believed that "it was time to part ways."

39. On May 26, 2020, Ms. Brinning, who was working from home at the time, contacted Mr. Haan to inform him that her phone was not working and that she could not receive calls.

40. Mr. Haan told Ms. Brinning that if her phone was not working then she would need to come in to the office instead of working from home. However, before she could do so, she would need to withdraw her Charge with the FCHR. When Ms. Brinning refused to withdraw the Charge Mr. Haan said "Well I guess you're fired."

## COUNT I
### RETALIATION IN VIOLATION OF SECTION 1981 AGAISNT ALL DEFENDANTS

41. Plaintiffs re-allege and adopt paragraph 1 – 40 as though set forth fully herein.

42. Plaintiffs are members of a protected class under Section 1981 because they engaged in protective activities.

43. Both Plaintiffs engaged in protected activity when they complained to Defendants about the ongoing severe and pervasive harassment and hostile work environment created by Mr. Olsen.

44. With respect to Ms. Pentasuglia, she engaged additional protected activity when she told Defendants that she was the subject of racial harassment by Mr. Olsen.

45. In response to her complaints Ms. Pentasuglia suffered the ultimate adverse action when she was terminated by Mrs. Haan the very next shift that Ms. Pentasuglia worked after reporting Mr. Olsen's disgusting conduct to Defendants.

46. In addition to the complaints made directly to Defendants, Ms. Brinning engaged in protected activity when she filed her Charge with the FCHR.

47. Similar to the way Ms. Pentasuglia was swiftly dealt with, the day after receiving Ms. Brinning's Charge from the FCHR she was demoted which included a reduction in hourly wage, job title, job duties, and work hours available.

48. Despite being employed by Defendants for 2.5 years, less than two weeks after her demotion Mr. Brinning was terminated when she refused to withdraw her Charge from the FCHR.

49. By the conduct described above, Defendant treated Plaintiffs differently than their co-workers who had not filed complaints against Mr. Olsen and as such engaged in unlawful employment practices and retaliated against Plaintiffs because they engaged in protected activities in violation of Section 1981.

50. Defendants knew, or should have known, of the retaliation and harassment that Plaintiffs were subjected to.

51. The above discrimination was done by Defendants with a reckless disregard for Plaintiffs' rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiffs have suffered and continue to suffer from lost wages, benefits, mental anguish, distress, humiliation and loss of enjoyment of life.

**WHEREFORE**, Plaintiffs prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay,

    b. Front pay,

    c. Compensatory damages for emotional pain and suffering;

    d. Injunctive relief;

    e. Prejudgment interest;

  f. Punitive damages;

  g. Costs and attorney's fees; and,

  h. Such other relief as the Court may deem just and proper.

### COUNT II
### HOSTILE WORK ENVIRONMENT BASED ON RACE IN VIOLATION OF SECTION 1981 AGAINST ALL DEFENDANTS

52. Plaintiffs re-allege and adopt paragraph 1-40 as though set forth fully herein.

53. Plaintiffs were harassed and subjected to a hostile work environment based on the aforementioned conduct of Mr. Olsen.

54. Defendants knew, or should have known, of the hostile work environment which had been created by Mr. Olsen's due to his non-stop racially derogatory remarks, and yet despite this knowledge they failed to investigate and/or take remedial action to stop it.

55. The described conduct of Mr. Olsen and the hostile work environment he created was both severe and pervasive.

56. By the conduct described above, Defendants engaged in unlawful employment practices by requiring that Plaintiffs work in such a racially discriminatory and toxic work environment.

57. The above actions were created and/or permitted by Defendants with a reckless disregard for Plaintiffs' rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiffs have suffered and continue to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**WHEREFORE**, Plaintiffs prays for a trial by jury and all legal and equitable relief allowed by law including:

  a. Back pay;

    b.  Front pay;

    c.  Compensatory damages for emotional pain and suffering;

    d.  Injunctive relief;

    e.  Prejudgment interest;

    f.  Punitive damages;

    g.  Costs and attorney's fees; and,

    h.  Such other relief as the Court may deem just and proper.

Dated this 18th day of September, 2020.

**MORGAN & MORGAN, P.A.**

**/s/ James J. Henson**
JAMES J. HENSON, ESQ.
Fla. Bar No. 0077476
Morgan & Morgan, P.A.
20 North Orange Avenue, 15th Floor
Orlando, FL 32802-4979
Tel.: (407) 428-6241
Fax: (407) 245-3342
Email: jjhenson@forthepeople.com
         aperez@forthepeople.com
Attorney for Plaintiffs